```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN
```

| | |
|---|---|
| TAMI A. FULTON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )  Civil No. 2011-132 |
| | ) |
| VIRGIN ISLANDS BUREAU OF INTERNAL REVENUE, | ) |
| | ) |
|     Defendant. | ) |

**ATTORNEYS:**

**Tami A. Fulton**
Tiffin, OH
    *Pro se,*

**Virgin Islands Bureau of Internal Revenue**
St. Thomas, U.S.V.I.
    *Unrepresented Government Agency.*

## ORDER

**GÓMEZ, J.**

Before the Court is the complaint of plaintiff Tami A. Fulton ("Fulton").

On December 12, 2011, Fulton filed her complaint with the Court. She seeks a redetermination of her income tax liability for tax years 2007 and 2008. Specifically, Fulton claims that the defendant Virgin Islands Bureau of Internal Revenue (the "VIBIR") improperly denied her a tax exemption for her minor

son.[1] In addition to a redetermination of her tax liability, Fulton seeks an award of costs and fees. The only defendant named was the VIBIR. VIBIR is an agency of the Government of the United States Virgin Islands.

On December 13, 2011, Fulton filed an affidavit of service. That affidavit indicated that process had been served on Yvonne Hughes, legal secretary at the VIBIR.

For approximately one year and a half, Fulton took no further action. Thereafter, on November 15, 2013, Magistrate Judge Ruth Miller ordered Fulton to show cause why her action should not be dismissed for failure to prosecute. The November 15, 2013, order noted: "It does not appear that proper service of the complaint has been made within 120 days after the filing of the complaint on December 12, 2011, as required by Rule 4(m) of the Federal Rules of Civil Procedure. In particular, the docket does not reflect proof of service upon the Attorney General of the Virgin Islands or the Governor of the Virgin Islands." (ECF No. 3)(internal citations omitted). The order required Fulton to show cause by December 16, 2013.

---

[1] 26 U.S.C. § 151 allows taxpayers to claim an additional personal exemption for each individual who is the taxpayer's dependent. A "qualifying child" is a dependent for purposes of § 151. *See* 26 U.S.C. § 152. Fulton alleges in her complaint that VIBIR did not grant her an exemption for her minor son on the basis that her son's father had custody of her son and that the son was a "qualified child" of the father for tax purposes. Only one taxpayer may claim an exemption for a minor child. *Id.*

*Fulton v. V.I. Bureau of Internal Revenue*
Civil No. 2011-132
Order
Page 3

    Thereafter, on December 9, 2013, Fulton filed a document entitled "Response to the court order dated November 15, 2013." In that filing, Fulton stated that on December 5, 2013, she had served the Governor and Attorney General of the Virgin Islands by certified mail.

    Rule 4 of the Federal Rules of Civil Procedure ("Rule 4") outlines the requirements for service of process on a local government.  "A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
(B) serving a copy of each *in the manner prescribed by that state's law* for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2)(emphasis added).

    There is no alternate "manner prescribed by [local] law" that may be used to serve the Virgin Islands Government.[2]  As

---

[2] The Magistrate Judge issued a November 15, 2013, order in this case stating that the Virgin Islands could be served through the methods described in Rule 4(i). To the extent that Fuller proceeded under the assumption that service by certified mail was thus appropriate, some clarification is warranted.

Rule 27 of the Rules of the Superior Court indicates that for the Superior Court's purposes,
> [t]he summons and process shall be served in the same manner as required to be served by Rule 4 of the Federal Rules of Civil Procedure, provided, however, that reference in the said Rule to "United States Marshal or Deputy United States Marshal" shall be read instead "Marshall or Deputy Marshal of the Territorial Court of the Virgin Islands", and that all references to "United States or any officer or agency of the United States"

that is the case, service on the Governor must be made by "delivering a copy of the summons and of the complaint to its chief executive officer." Fed. R. Civ. P. 4(j)(2). "Delivery" in Rule 4 has a meaning distinct from use of "registered or certified mail." *See* Fed. R. Civ. P. 4(i)(instructing that service can be done either by "delivery" *or* by "send[ing] a copy . . . by registered or certified mail[.]") Delivery requires use of a process server, not use of the United States Postal Service. *See id.*

Courts generally try to be flexible in applying the federal rules of procedure to *pro se* litigants. *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013). This flexibility does have limits. *Pro se* litigants must still serve the correct parties. *Id.* Neither substantial compliance nor actual notice is enough to excuse a litigant from his or her

---

shall be read instead "Virgin Islands or any officer or agency of the Virgin Islands"
Sup. Ct. R. 27. Superior Court Rule 27 is not "local law" as contemplated by Rule 4(j). *C.f.* 48 U.S.C. § 1611(c)(indicating that local law and rules are two *different* sources for court governance by stating that the "court[s] shall be governed by local law or the rules promulgated by those courts[.]"); *In re. Grand Jury Matter*, 802 F.2d 96, 100 (holding that "a local rule of procedure cannot possibly affect the jurisdiction of the court."). Rather, it is "[a] rule by which an individual court supplements procedural rules applying generally to all courts within the jurisdiction." Local Rule, *Black's Law Dictionary* (9th ed. 2009). As such, it is not one of the possible avenues of service provided for by Rule 4(j), which states the requirements for serving the local government in federal court. *See* Fed. R. Civ. P. 4(j). In sum, a local rule cannot alter federal procedural service requirements. *See In re. Grand Jury Matter*, 802 F.2d at 100.

responsibilities under Rule 4. *McMasters v. United States*, 260 F.3d 814, 817-18 (7th Cir. 2001).

Fulton mailed process to the Governor and Attorney General by certified mail. She did not, at any time, herself or through a process server, "deliver" process to the Governor.

> "If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Fed. R. Civ. P. 4(m)

It has been at least 120 days since the complaint was filed. As such, Rule 4 dictates that the Court dismiss this action without prejudice or order service be made within a specified time. The Court already gave Fulton leave to properly serve the defendant, and gave Fulton notice that failure to do so might result in dismissal. Fulton failed to comply with the Court's order and to properly serve the defendants. However, the Court recognizes that the Magistrate's November 15, 2013, order may have been unclear as to what methods of service were permissible when serving the Governor.

*Fulton v. V.I. Bureau of Internal Revenue*
Civil No. 2011-132
Order
Page 6

The premises considered, it is hereby

**ORDERED** that Fulton shall serve the Virgin Islands in accordance with Federal Rule of Civil Procedure 4(j) no later than May 2, 2014; and it is further

**ORDERED** that failure to do so may result in the dismissal of this matter.

S\_____
    **CURTIS V. GÓMEZ**
    **District Judge**